[No. 7129.  Decided February 7, 1908.]

## C. H. WAIGHT, *Appellant*, v. LAKE WASHINGTON MILL COMPANY, *Respondent.*[1]

APPEAL—REVIEW—HARMLESS ERROR—RULINGS ON PLEADINGS. Error, if any, in striking affirmative matter in a reply on the ground that it should have been set out in the complaint, is immaterial where the plaintiff was allowed to prove the facts alleged in the reply.

MASTER AND SERVANT — NEGLIGENCE — PROMISE TO REPAIR — MATERIALITY—ISSUES AND PROOF.  In an action for damages by the operator of a ripsaw, who was struck and knocked down by a belt, which broke on his use of the idler, a promise to repair the belt, made on the complaint that the belt was likely to start the machinery without the use of the idler and thereby cut the operator's hand, is immaterial and does not support plaintiff's cause of action.

SAME—CAUSE OF ACCIDENT—ISSUES AND PROOF.  Conceding that the operator of a ripsaw was struck down by a belt which broke and caused the injury, a nonsuit is properly granted where the only allegations of negligence were that the machinery was out of plumb and the belt was too short, and there was no definite proof to sustain either of such allegations, or to show any cause for the breaking of the belt.

Appeal from a judgment of the superior court for King county, Griffin, J., entered June 6, 1907, granting a nonsuit at the close of plaintiff's testimony, dismissing an action for personal injuries sustained by an operator of a ripsaw in a sawmill.  Affirmed.

*Reynolds, Ballinger & Hutson*, for appellant.

*Roberts & Hulbert*, for respondent.

DUNBAR, J.—This is an action brought by appellant for the recovery from respondent of damages for alleged · personal injuries.  The complaint alleges, that the plaintiff was employed by the defendant to operate a ripsaw in the defendant's

[1]Reported in 93 Pac. 1069.

sawmill; that plaintiff was inexperienced in the operating of the machinery, and so informed the defendant at the time of his employment, but was assured that there was no danger in the operation of the ripsaw; that the ripsaw was operated by the use of steam power applied as follows: a belt runs around two pulleys, one of which pulleys is attached to said machine, the other around the main line shaft; the belt is so arranged that the machine remains at rest, except when the belt is tightened by the pressing against it of another pulley; that it was the duty of the plaintiff to start and stop said machine by the use of said pulley; that the defendant carelessly and negligently permitted said machine to be and to become out of plumb, and that said machine was out of plumb on the date on which the plaintiff received the injuries complained of; that the belt was too short, as defendant well knew, and that said machine being out of plumb, it was dangerous for a person to operate said machine; that defendant well knew of the dangerous condition of the machine, and negligently and carelessly permitted it to remain in that condition; that plaintiff was inexperienced in the matter of operating the machinery, and relied wholly upon the assurance and representations of the defendant as to the safety of the place in which he was required to work; that on the afternoon of the 12th day of December, 1906, plaintiff was in his accustomed place and operating said machine in the usual way; that at the same time plaintiff, in order to start the machine in the usual manner, permitted the pulley to be pressed against the belt of said machine, so negligently and carelessly provided and arranged by said defendant, and that said belt broke, striking plaintiff on the head and knocking him to the floor, where he remained for a long time unconscious, by reason of which he received the injuries complained of.

The answer denied negligence on the part of the defendant, and averred that the accident and injury to plaintiff, if any was received, was caused wholly by his own fault, care-

lessness, and negligence, and by reason of the dangers incident to his employment and assumed by him. To this affirmative defense, plaintiff replied with the allegation, in substance, that he had told the foreman that the upright belt was too tight; that it was so tight that sometimes when the idler pulley or tightener was not brought to bear, it would start the machinery, thereby placing the plaintiff in peril by reason of the fact that he was liable to get his hand sawed; that the defendant had agreed to repair the machinery, and that by reason of said agreement the plaintiff continued to work. To this affirmative matter defendant interposed a demurrer, which was overruled. Thereafter defendant moved to strike said affirmative matter, which motion the court sustained.

It was shown on the trial that the machine on which plaintiff worked was operated by a belt running from the main shaft to a pulley attached to the machine. The belt ran vertically, and was intended to be at rest except when tightened by being pressed upon by the large weight or tightener, which consisted of a very heavy pulley, the carriage of which was hinged in such a manner that, when it was desired to tighten the belt to start the machine into operation, the pulley could be lowered upon the belt, and its weight binding the belt would thereby have the effect to tighten the belt and cause it to put the machine in motion. It is the contention of the plaintiff that this belt was too short when the tightener was not pressing upon it, and that it would occasionally revolve the machinery, as before indicated. Upon the close of plaintiff's testimony, a motion for nonsuit was made by the defendant, which motion was sustained by the court. The cause was dismissed, and from judgment of dismissal this appeal is taken.

It is alleged that the court erred (1) in sustaining respondent's motion to strike the affirmative matter from the reply; (2) in refusing to permit appellant to show a promise of respondent's foreman to repair the defects which caused the

injury; (3) in sustaining respondent's motion for nonsuit; (4) in refusing to overrule respondent's motion for nonsuit; (5) in rendering judgment dismissing the action. It was the theory of the court that the affirmative matter which was stricken should have been stated in the complaint, as it was a part of the appellant's cause of action, the appellant contending, however, that, inasmuch as assumption of risk and contributory negligence are matters of defense, he had a right to set up the promise to repair in his reply. But it is not necessary to pass upon the question of technical pleading, the appellant having been allowed, over respondent's objection, to prove exactly what he asked to be allowed to allege in his reply. If we should consider the case with the pleadings before us, as contended for by the appellant, there is no testimony which could sustain a judgment for appellant in this case; for, if it be conceded that he was induced to remain by reason of the foreman's promise to repair, there is no showing here whatever as to the cause of the injury. The matter complained of by the appellant to the foreman simply was that, by reason of the machine running without the use of the idler, he might get his hand cut. But there is no proof, and indeed no claim, that the accident occurred by reason of the machine running without the use of the idler. On the contrary, it is the appellant's contention that it was the use of the idler which caused the accident. So that, if there is any allegation of negligence here upon which a recovery could be based, it is the allegation that the upright belt was too short, and that by the application of the idler an additional strain was placed upon it which caused the belt to break.

It is the contention of the appellant, although the testimony is not definite in that regard, that he was struck on the head by the belt when it broke. We are not satisfied, from an examination of the model which was brought up, that the fact that the belt was too short would cause any more strain to be placed upon it by the application of the idler; for,

while it is true, as a principle of mechanics, that the weight which carries the belt out of perpendicular would tend to shorten it, thereby bringing an additional strain upon it, it is equally true that the longer the belt was and the more slack it had the more obliquely the idler would rest against it, thereby causing a greater weight to rest upon the belt than if the belt were tighter and the idler were held in a more perpendicular position with reference to the belt. But however this may be, the testimony, which is very brief, absolutely fails to show that the breaking of the belt was caused by its being too short; and although there is an allegation that the machine was out of plumb, the proof in this respect entirely fails to sustain the allegation. Under all the testimony in this case, nothing more than a guess could be hazarded as to what was the cause of the breaking of the belt. Conceding that there was sufficient proof that it did break, and further conceding that there was proof that the breaking of the belt was the cause of the injury, and there being but the two causes alleged, viz., the machinery being out of plumb and the belt being too short, and neither of these being supported by any definite proof whatever, the court was justified in sustaining the motion for nonsuit.

The judgment is therefore affirmed.

HADLEY, C. J., ROOT, MOUNT, CROW, RUDKIN, and FULLERTON, JJ., concur.